EDWARD K. COLLINS, Respondent, *v.* CHARLES I. HALL, Appellant.

(Argued December 9, 1872; decided December 17, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered on a verdict.

Plaintiff, being the owner of a certain patent right, entered into a contract with defendant by which he authorized the latter to make, use and vend the patented article, to sell and convey territory, and to license others to make, use and vend, and generally to control the patent as if he were patentee; defendant agreeing to pay plaintiff one-half the net profits as fast as

received, upon demand. It was also agreed the plaintiff might, on or before January 1st, 1870, elect to take, in lieu of the other provisions, $1,500 for his whole interest in the letters patent, which defendant agreed to pay, with interest, after February 1st, 1869, deducting all sums received by plaintiff under the contract. The contract was left in defendant's possession. In November, 1869, plaintiff served upon defendant a notice, electing to take the $1,500, which he required defendant to pay January 1st, 1870, with interest for one year. Plaintiff called upon defendant after the 1st of January, offered to make out a deed of the patent, and expressed himself ready to fulfill the contract, and demanded the money. Defendant denied making the contract and refused to perform. Plaintiff brought action to recover the $1,500. Defendant alleged that the contract was never executed or delivered. Upon the trial, the notice served by plaintiff was offered in evidence. It was objected to generally. It appeared that plaintiff took possession of and retained the letters patent, and papers referring thereto. He testified, and the evidence tended to show, that he so took possession after defendant repudiated the contract. Defendant testified that it was before. Defendant's counsel requested the court to charge that, if plaintiff took possession before January 1st, 1870, it was a material circumstance for the jury to consider on the question of delivery of the contract. This the court refused to do, but charged that plaintiff was entitled to the papers until the money was paid to him and deed executed. Defendant's counsel also asked for a nonsuit, upon the ground that there was no assignment or offer to assign the letters patent to defendant, which was denied. *Held*, that no specific defect in notice having been pointed out, defendant could not, upon appeal, raise the question that it was defective in that it asked for interest from January 1st instead of February 1st; that it was not material upon the question of delivery of the contract when plaintiff took possession of the papers; and that the charge of the judge, that he had a right to retain them, was proper; also, that, assuming that the delivery of a deed for the patent and the payment of the money were dependent covenants,

'the plaintiff having expressed a willingness to perform, and defendant having repudiated the contract and refused to pay, a formal tender of a deed was unnecessary.

*James C. Cochrane* for the appellant.

*W. F. Cogswell* for the respondent.

PECKHAM, J., reads opinion for affirmance.
All concur, except CHURCH, Ch. J., not sitting.
Judgment affirmed.